FLORENCE T. NAKAKUNI
United States Attorney
DERRICK WATSON (Cal. Bar No. 154427)
Assistant U.S. Attorney, District of Hawaii
PJKK Federal Building, Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Tel: (808) 541-2850 / Fax: (808) 541-3752
Email: Derrick.Watson@usdoj.gov

IGNACIA S. MORENO, Assistant Attorney General
Environment and Natural Resources Division
SAMANTHA KLEIN FRANK (N.Y. Bar No. SK-9874)
Trial Attorney, Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663, Ben Franklin Station
Washington, DC 20004-0663
Tel: (202) 305-0474 / Fax: (202) 305-0506
[Additional Counsel on Signature Page]
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GUAM PRESERVATION TRUST, et al., | ) ) ) | No. 1:10-cv-00677-LEK |
|        Plaintiffs, | ) ) | DEFENDANTS' ANSWER TO |
|    v. | ) ) | COMPLAINT FOR DECLARATORY AND |
| KATHERINE GREGORY, Rear Admiral, Commanding Officer, Naval Facilities Engineering Command, Pacific, *et al.*, | ) ) ) ) ) | INJUNCTIVE RELIEF |
|        Defendants. | ) ) | |
| _____ | ) | |

Guam Preservation Trust v. Gregory, 1:10-cv-00677-LEK
Defendants' Answer to Complaint for Declaratory and Injunctive Relief

Katherine Gregory, Naval Facilities Engineering Command Pacific; Kyle Fujimoto, Naval Facilities Engineering Command Pacific; David Bice, Executive Director, Joint Guam Program Office; Jacqueline Pfannenstiel, Assistant Secretary of the Navy for Energy, Installations and the Environment; Ray Mabus, Secretary of the Navy; Robert Gates, Secretary of Defense; Naval Facilities Engineering Command, Pacific; Joint Guam Program Office; Department of the Navy; and Department of Defense (collectively, the Defendants), by and through their attorneys, hereby answer Plaintiffs' Complaint for Injunctive and Declaratory Relief upon information and belief as follows.

1. Defendants deny the allegation in the first sentence of ¶ 1 that a decision has been made "to select Pågat Village and its surroundings areas as the chosen site for a complex of five firing ranges encompassing more than 1000 acres, including ranges for machines guns and rifles." The remaining allegations in the first sentence of ¶ 1 constitute Plaintiffs' characterization of their case to which no response is required. As to the allegations in the second sentence of ¶ 1, Defendants admit that the Chamorro people are the indigenous people of the United States Territory of Guam and deny that the Chamorro people constitute half the population of Guam.

Defendants lack information sufficient to admit or deny the remaining allegations in the second sentence of ¶ 1, and therefore, deny those allegations.

2.   Defendants admit the allegations in ¶ 2.

3.   Defendants admit the allegations in ¶ 3.

4.   The allegations in the first sentence of ¶ 4 are vague and ambiguous, and are therefore denied.  Defendants deny the allegations in the second sentence of ¶ 4 that "approximately 80,000 people (including 8,600 service members, their 9,000 dependents, contractors and others) will arrive on Guam."  Defendants admit the remaining allegations in the second sentence of ¶ 4.  Further, Defendants aver that, under an unconstrained construction scenario, at its peak, the total number of Guam residents could increase by 79,178 people.  As to the allegations in the third sentence of ¶ 4, Defendants admit that the Department of the Navy (Navy) "prepared an Environmental Impact Statement on the Guam and CNMI Military Relocation, Relocating Marines from Okinawa, Visiting Aircraft Carrier Berthing, and Army Air Missile Defense Task Force" (the Guam EIS).  The remaining allegations in the third sentence of ¶ 4 constitute Plaintiffs' characterization of their case and conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in the third sentence of ¶ 4.  Defendants admit the allegations in the fourth sentence of ¶ 4.  Defendants deny the allegations

in the fifth sentence of ¶ 4 and aver that public and agency comments were directed to the Joint Guam Program Office (JGPO), care of Naval Facilities Engineering Command, Pacific (NAVFAC PAC).  As to the allegations in the sixth sentence of ¶ 4, Defendants admit that the referenced attachment contains acronyms and aver that an acronym and abbreviations list is found in Chapter 5 of the Reader's Guide for the Guam EIS.  Except as expressly admitted and to the extent that the attachment referenced in the sixth sentence of ¶ 4 is inconsistent with the Guam EIS, Defendants deny the remaining allegations in the sixth sentence of ¶ 4.  Defendants admit the allegations in the seventh sentence of ¶ 4.  Defendants deny the allegations in the eighth sentence of ¶ 4 and aver that a Record of Decision (ROD) was signed by the Navy on September 20, 2010.  The allegations in the ninth sentence of ¶ 4 constitute Plaintiffs' characterization of the case and conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the ninth sentence of ¶ 4.  As to the allegations set forth in the tenth sentence of ¶ 4, Defendants admit the referenced attachment is a map and aver that maps showing the sites of the proposed firing ranges and Pågat Village are found in Volume II of the Guam EIS.  Except as expressly admitted and to the extent that the attachment referenced in the tenth sentence of ¶ 4 is consistent with the maps showing the sites

of the proposed firing ranges and Pågat Village in the Guam EIS, Defendants deny the remaining allegations in the tenth sentence of ¶ 4.

5.  The allegations in ¶ 5 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent that an answer is required, Defendants deny the allegations of ¶ 5 that "controversy has attended their continued presence" in Okinawa, Japan.

6.  Defendants deny the allegations in the first sentence in the first paragraph of ¶ 6 that Defendants have "deci[ded] to choose Pågat Village and its surrounds as the site of the firing range complex."  The remaining allegations in the first sentence in the first paragraph of ¶ 6 constitute Plaintiffs' characterization of their case to which no response is required.  Defendants admit the allegation in the second sentence in the first paragraph of ¶ 6 to the extent that Plaintiffs submitted comments on the Guam EIS which "identified alternative sites for the firing ranges," but Defendants aver that those comments are the best evidence of their contents.  Defendants deny any allegations contrary to the plain meaning of that document, considered in its entirety.  Defendants deny the remaining allegations in the second sentence in the first paragraph of ¶ 6.  The allegations in the third sentence in the first paragraph of ¶ 6 constitute Plaintiffs' characterization of their case and a legal

conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in the third sentence in the first paragraph of ¶ 6.

      a. Defendants deny the allegations in subsection a. of the first paragraph of ¶ 6.

      b. Defendants deny the allegations in subsection b. of the first paragraph of ¶ 6.

      c. Defendants deny the allegations in subsection c. of the first paragraph of ¶ 6.

      d. Defendants deny the allegations in subsection d. of the first paragraph of ¶ 6.

      e. Defendants deny the allegations in subsection e. of the first paragraph of ¶ 6.

The allegations in the second paragraph of ¶ 6 concerning NEPA constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second paragraph of ¶ 6.

The allegations in the third paragraph of ¶ 6 concerning NHPA constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the third paragraph of ¶ 6.

The allegations in the fourth paragraph of ¶ 6 concerning CZMA constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth paragraph of ¶ 6.

## JURISDICTION AND VENUE

7.  The allegations in ¶ 7 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 7.

8.  The allegations in the ¶ 8 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.

9.  The allegations in the ¶ 9 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.   To the extent a response is required, Defendants deny the allegations in ¶ 9.

10.  The allegations in the ¶ 10 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in ¶ 10.

11.  The allegations in the ¶ 11 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.

## PLAINTIFFS

12. The Defendants lack information sufficient to admit or deny the allegations in the first through seventh sentences of ¶ 12 and, therefore, deny those allegations. Defendants deny the allegations in the eighth sentence of ¶ 12.

13. Defendants admit the allegation in the first sentence of ¶ 13 that Plaintiff Guam Preservation Trust (GPT) commented in writing on the Guam EIS and deny the remaining allegations in the first sentence of ¶ 13. Defendants admit the allegations in the second and third sentences of Paragraph 13 to the extent that the GPT met with the Defendants, including General Bice, but aver that any comments at that meeting are the best evidence of their contents and deny any allegations contrary to the plain meaning of the statements made. The Defendants lack information sufficient to admit or deny the allegations in the fourth sentence of ¶ 13 and, therefore, deny those allegations.

14. Defendants admit the allegation in the first sentence of ¶ 14. The second sentence in ¶ 14 consists of Plaintiffs' citation to a federal statute, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied. Defendants lack sufficient information to admit or deny the allegation in the third sentence of ¶ 14 that Plaintiff "National Trust for Historic Preservation (NTHP) works to protect historic sites and to advocate historic preservation" and therefore deny that allegation.

The remaining allegations in the third sentence of ¶ 14 constitute Plaintiffs' characterization of their case to which no response is required.  Defendants admit the allegation in the fourth sentence of ¶ 14 that "[NTHP] has nine regional and field offices across the country, including its Western Office in San Francisco, California." Defendants lack information sufficient to admit or deny the remaining allegations in the fourth sentence of ¶ 14 and, therefore, deny those allegations. Defendants lack information sufficient to admit or deny the allegations in the fifth sentence of ¶ 14, and, therefore, deny those allegations.  Defendants admit the allegation in the sixth sentence of ¶ 14 that Plaintiff "[NTHP] commented in writing on the Guam Draft EIS and the Guam Final EIS."  The remaining allegations in the sixth sentence of ¶ 14 constitute Plaintiffs' characterization of their case to which no response is required. Defendants admit the allegation in the seventh sentence of ¶ 14 that "[NTHP] submitted comments to the Naval Facilities Engineering Command in Pearl Harbor, Hawaii," and deny the remaining allegations in the seventh sentence of ¶ 14. Defendants admit the allegation in the eighth sentence of ¶ 14 that NTHP has participated as a consulting party for purposes of reviewing the action under Section 106 of the National Historic Preservation Act beginning in December 2009.  The remaining allegations in the eighth sentence of ¶ 14 consist of Plaintiffs' citation to a federal statute and federal regulations, which documents speak for themselves and

are the best evidence of their contents. Any allegations contrary to the plain meaning of these documents, considered in their entirety, are denied.  Defendants admit the allegations in the ninth sentence of ¶ 14, except to the extent that any comments made at such meetings are the best evidence of their contents.  Any allegations contrary to the plain meaning of statements made at such meetings, considered in their entirety, are denied.  Defendants admit the allegation in sentence 10 of ¶ 14 that NTHP "included Pågat Village in 2010 List of America's Most Endangered Places." Defendants lack information sufficient to admit or deny the remaining allegations in sentence 10 of ¶ 14 and, therefore, deny those allegations.

15.  Defendants lack information sufficient to admit or deny the allegations in the first sentence of ¶ 15 and, therefore, deny those allegations.  Defendants lack sufficient information to admit or deny the allegation in the second sentence of ¶ 15 that We Are Guåhan was formed in November 2009 and, therefore, deny that allegation.  Defendants lack information sufficient to admit or deny the remaining allegations in the second sentence of ¶ 15 and, therefore, deny those allegations.  The allegations in the third sentence of ¶ 15 are vague and ambiguous, and therefore, are denied.  Defendants admit the allegations in the fourth sentence of Paragraph 15 that We are Guåhan's members commented on alternatives for the firing range complex, but Defendants deny the remaining allegations in the eighth sentence of ¶ 15.

Further, Defendants aver that any comments from We Are Guåhan's members are the best evidence of their contents, and any allegations contrary to the plain meaning of such comments, considered in their entirety, are denied. Defendants lack information sufficient to admit or deny the allegations set forth in the fifth, sixth, and seventh sentences of ¶ 15 and, therefore, deny those allegations.  Defendants admit the allegation in the eighth sentence of ¶ 15 that We Are Guåhan's members commented on alternatives for the firing range complex and adverse impacts from the buildup and deny the remaining allegations in the eighth sentence of ¶ 15. Further, Defendants aver that any comments from We Are Guåhan's members are the best evidence of their contents, and any allegations contrary to the plain meaning of such comments, considered in their entirety, are denied.  Defendants deny the allegations in the ninth sentence of ¶ 15.

16.   Defendants admit the allegations in the first sentence of Paragraph 16. Defendants lack information sufficient to admit or deny the allegations in the second, third, and fourth sentences of ¶ 16 and, therefore, deny those allegations.  Defendants deny the allegations in the fifth sentence of ¶ 16.

17.   Defendants admit the allegations in the first sentence of ¶ 17.  Defendants lack information sufficient to admit or deny the remaining allegations in ¶ 17 and, therefore, deny those allegations.

18.   Defendants lack information sufficient to admit or deny the allegations in the first through the fourth sentences of ¶ 18 and, therefore, deny those allegations. Defendants admit the allegation in the fifth sentence of ¶ 18 that Pågat Village has at least 20 latte sets.   Defendants lack information sufficient to admit or deny the remaining allegations in the fifth sentence of ¶ 18 and, therefore, deny those allegations.   Defendants lack information sufficient to admit or deny the allegations in the sixth sentence of ¶ 18 and, therefore, deny those allegations.   Defendants deny the allegations in the seventh sentence of ¶ 18. The allegations in the eighth sentence of ¶ 18 constitute Plaintiffs' characterization of their case, to which no response is required.   To the extent a response is required, Defendants deny the allegations in the eighth sentence of ¶ 18.   Defendants lack information sufficient to admit or deny the allegations in the ninth sentence of ¶ 18 and, therefore, deny those allegations.

19.   Defendants lack information sufficient to admit or deny the allegations in the first through the seventh sentences of ¶ 19 and, therefore, deny those allegations. Defendants deny the allegations in the eighth sentence of ¶ 19.   Defendants lack information sufficient to admit or deny the remaining allegations in ¶ 19 and, therefore, deny those allegations.

## **DEFENDANTS**

20.  Defendants admit the allegation in the first sentence of ¶ 20 that Katherine Gregory is a Rear Admiral in the United States Navy and is Commanding Officer of the Naval Facilities Engineering Command in Pearl Harbor, Hawaii, the command responsible for receiving the public and agency comments on the Guam EIS.  The remaining allegations in the first sentence of ¶ 20 constitute to Plaintiffs' characterization of their case, to which no response is required.  Defendants deny the allegations in the second sentence of ¶ 20.  The allegations in the third sentence of ¶ 20 constitute Plaintiffs' characterization of their case, to which no response is required.  Defendants admit the allegation in the fourth sentence of ¶ 20.

21.  Defendants admit the allegation in the first sentence of ¶ 21 that Kyle Fujimoto was the official responsible for receiving public and agency comments on the Guam EIS.  The remaining allegations in the first sentence of ¶ 21 constitute to Plaintiffs' characterization of their case, to which no response is required. Defendants deny the allegations in the second sentence of ¶ 21.  Defendants admit the allegations in the third sentence of ¶ 21.

22.  Defendants deny the allegation in the first sentence of ¶ 22 and aver that Joseph Ludovici is the Director of the Joint Guam Program Office.  Defendants admit the allegations in the second sentence of ¶ 22 to the extent that the Director of the Joint Guam Program Office is responsible for the activities undertaken by that office.

The allegations in the third sentence of ¶ 22 constitute Plaintiffs' characterization of their case, to which no response is required.

23.   Defendants admit the allegations in the first sentence of ¶ 23 that Jacqueline Pfannenstiel is the Assistant Secretary of the Navy for Energy, Installations, and Environment.  The remaining allegation in the first sentence of ¶ 23, that Ms. Jacqueline Pfannenstiel "executed the Record of Decision" is vague and ambiguous, therefore, is denied.  The allegations in the second sentence of ¶ 23 are vague and ambiguous and, therefore, are denied.  The allegations in the third sentence of ¶ 23 constitute Plaintiffs' characterization of their case, to which no response is required.

24.   Defendants admit the allegation in the first sentence of ¶ 24 that Ray Mabus is the Secretary of the Navy.  Defendants deny the remaining allegations in the first sentence of ¶ 24 and aver that Mr. Mabus assumed his position in May 2009. Defendants admit the allegations in the second sentences of ¶ 24.  The allegations in the third sentence of ¶ 24 constitute Plaintiffs' characterization of their case, to which no response is required.

25.   Defendants admit the allegations in the first and second sentences of ¶ 25. The allegations in the third sentence of ¶ 25 constitute to Plaintiffs' characterization of their case, to which no response is required.

26.  Defendants admit the allegation in the first sentence of ¶ 26 that the Naval Facilities Engineering Command, Pacific, is the Naval Command responsible for receiving the public and agency comments on the Guam EIS.  The remaining allegations in the first sentence of ¶ 26 constitute Plaintiffs' characterization of their case, to which no response is required.  Defendants deny the allegations in the second sentence of ¶ 26.  Defendants admit the allegations in the third sentence of ¶ 26.

27.  Defendants admit the allegations in the first sentence of ¶ 27.  Defendants deny the allegations in the second sentence of ¶ 27.

28.  Defendants admit the allegations in ¶ 28.

29.  Defendants admit the allegations in ¶ 29 to the extent that the Department of Defense is an agency of the United States Government (United States) and is the parent agency of the Department of the Navy.  The remaining allegations in ¶ 29 are vague and ambiguous and therefore denied.

## FACTUAL ALLEGATIONS

30.  Defendants deny the allegations in the first sentence of ¶ 30 and aver that the Department of Defense proposes to site a live fire training range complex consisting of five separate ranges for the firing of live ammunition.  Defendants deny the remaining allegations in the first sentence of ¶ 30.  Defendants admit the allegations in the second sentence of ¶ 30.  Defendants admit the allegations in the

third sentence of ¶ 30.  The allegations in the fourth sentence of ¶ 30 are vague and ambiguous and, therefore, are denied.  Further, as to the allegations in the fourth sentence of ¶ 30, Defendants aver that the actions that would be required for development of the proposed firing ranges are detailed in Volume 2 of the Guam EIS. To the extent that the allegations set forth in the fourth sentence of ¶ 30 are inconsistent with the Guam EIS, Defendants deny the allegations in the fourth sentence of ¶ 30.

The allegations in the first clause of the fifth sentence of ¶ 30 are vague and ambiguous and, therefore, are denied.  Defendants deny the remaining allegations in the fifth sentence of ¶ 30.

The allegations in the sixth sentence of ¶ 30 are vague and ambiguous and, therefore, are denied.  Further, Defendants aver that the environmental conditions of the proposed live fire training range complex are detailed in Volume 2 of the Guam EIS.  To the extent that the allegations in the sixth sentence of ¶ 30 are inconsistent with the description in the Guam EIS, Defendants deny the allegations in the sixth sentence of ¶ 30.

## THE NATIONAL ENVIRONMENTAL POLICY ACT

31.  The allegations in ¶ 31 constitute Plaintiffs' characterization of a federal statute, which document speaks for itself and is the best evidence of its contents. Any

allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

32.   The allegations in ¶ 32 constitute Plaintiffs' characterization of a federal statute, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

33.   The allegations in ¶ 33 constitute Plaintiffs' characterization of a federal statute, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

34.   The allegations in ¶ 34 constitute Plaintiffs' characterization of an Executive Order and federal regulations, which documents speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of these documents, considered in their entirety, are denied.

35.   Defendants admit the allegations in ¶ 35.

36.   Defendants admit the allegations in ¶ 36.

37.   Defendants deny the allegations in ¶ 37.

38.   The allegations in ¶ 38 constitute Plaintiffs' characterization of a federal statute and federal regulations, which documents speak for themselves and are the

best evidence of their contents.  Any allegations contrary to the plain meaning of these documents, considered in their entirety, are denied.

39.  The allegations in ¶ 39 constitute Plaintiffs' characterization of a federal regulation, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

40.  The allegations in ¶ 40 constitute Plaintiffs' characterization of a federal regulation, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

41.  The allegations in ¶ 41 constitute Plaintiffs' characterization of a federal statute, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

## THE NATIONAL HISTORIC PRESERVATION ACT

42.  The allegations in ¶ 42 constitute Plaintiffs' characterization of a federal statute, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

43.  The allegations in ¶ 43 constitute Plaintiffs' characterization of a federal statute, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

44.  The allegations in ¶ 44 constitute Plaintiffs' characterization of a federal statute and federal regulation, which documents speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of these documents, considered in their entirety, are denied.

45.  The allegations in ¶ 45 constitute Plaintiffs' characterization of a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

46.  The allegations in ¶ 46 constitute Plaintiffs' characterization of a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

47. The allegations in ¶ 47 constitute Plaintiffs' characterization of a federal regulation, which document speaks for itself and is the best evidence of its contents.

Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

48.  The allegations in ¶ 48 constitute Plaintiffs' characterization of a federal regulation, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

## THE COASTAL ZONE MANAGEMENT ACT

49. The allegations in ¶ 49 constitute Plaintiffs' characterization of a federal statute and a federal regulation, which documents speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of these documents, considered in their entirety, are denied.

## PLAINTIFFS' FACTUAL ALLEGATIONS

50.  Defendants deny the allegations contained in the first sentence of ¶ 50 that "Archaeological investigations have dated Pågat Village to 700 A.D." The remaining allegations in the first sentence are vague and ambiguous and, therefore, are denied. Defendants admit the allegations in the second sentence of ¶ 50 that Pågat Village is an ancient coastal village of the Chamorro, who are indigenous people of the Marianas Islands.   Defendants deny the allegation in the second sentence of ¶ 50 that Pågat Village stretches from the plateau of the pristine limestone forest down to the

rugged coastline of Guam.  The remaining allegations in the second sentence of ¶ 50 are vague and ambiguous and are therefore denied.  Defendants admit the allegations in the third sentence of ¶ 50 that Pågat Cave is an underground cavern with fresh water and that, based on information and belief, "Pågat" means to counsel or advise in Chamorro.  The remaining allegations in the third sentence of ¶ 50 are vague and ambiguous and are therefore denied.  Defendants admit the allegations in the first clause of the fourth sentence of ¶ 50 that Pågat as an archaeological site contains lattes and that lattes are unique carved stone pedestals upon which Chamorro buildings rested.  The remaining allegation in the first clause of the fourth sentence of ¶ 50 that the village is "large" is vague and ambiguous and is therefore denied. Defendants lack information sufficient to admit or deny the allegation in the second clause of the fourth sentence of ¶ 50 that the latte village is part of a larger exchange network among multiple historic sites along the coastline, and, therefore, this allegation is denied.

51.  The allegations in the first clause of the first sentence of ¶ 51, that the larger Pågat Village landscape includes a related site immediately to the north, Pågat Point, are vague and ambiguous, and are therefore denied.  Defendants lack information sufficient to admit or deny the allegations in the remaining clause of the first sentence of ¶ 51, and therefore, those allegations are denied. The allegations in

the first clause of the second sentence of ¶ 51, that Pågat Point includes the historic modern ranch of Juan Cepeda, are vague and ambiguous and therefore, are denied. Defendants deny the allegation in the second clause of the second sentence of ¶ 51, that Juan Cepeda is a *suruhano,* and Defendants aver that Juan Cepeda was, at one time, a *suruhanu.* As to the remaining allegations in the second sentence of ¶ 51, Defendants admit that the *lancho* of Juan Cepeda was located at Pågat Point, but Defendants lack information sufficient to admit or deny the allegation that Juan Cepeda presently collects traditional plants in the limestone forest and coastal areas there, and therefore, that allegation is denied. Defendants deny the allegation in the third sentence of ¶ 51, that "*suruhano* are spirit counselors," and aver that *suruhanu* is a medicine man and that a *makåhna/kakahna* is a spirit counselor. Defendants lack information sufficient to admit or deny the remaining allegations in the third sentence of ¶ 51, and, therefore, those allegations are denied. Defendants deny the allegations in the fourth sentence of ¶ 51, that *suruhano* are believed to have "traditional knowledge of *tinanom* (plants) and *amot* (medicine)," and aver that *suruhanu* are believed to have traditional knowledge of *tinanom* (plants) and *amot* (medicine). Defendants lack information sufficient to admit or deny the remaining allegations in the fourth sentence of ¶ 51, and therefore those allegations are denied. Defendants deny the allegations in the fifth sentence of ¶ 51 that "*suruhano* continue to exist to

the present day, gathering medicinal plants and administering *amot* to the Chamorro community," and aver that *suruhanu* continue to exist to the present day, gathering medicinal plants and administering *amot* to the Chamorro community. The allegations in the sixth sentence of ¶ 51 are vague and ambiguous, and are therefore denied.

52.   Defendants admit the allegation in the first clause of the first sentence of ¶ 52 that Marbo Cave is situated immediately south of Pågat Village.  The remaining allegations in the first sentence of ¶ 52 are vague and ambiguous and are therefore denied.  Defendants lack information sufficient to admit or deny the allegations in the second sentence of ¶ 52, and, therefore, the allegations are denied.  Defendants admit the allegations in the third sentence.

53.   Defendants admit the allegations in first and second sentences of ¶ 53. The allegations in the third sentence of ¶ 53 are vague and ambiguous and are therefore denied.

54.   Defendants admit the allegations in ¶ 54 that Route 15 would have to be rerouted to proceed with Defendants' preferred alternative as described in the Final EIS and aver that the Final EIS is the best evidence of its contents.  Any allegations contrary to the plain meaning of the Final EIS, considered in its entirety, are denied. The remaining allegations are vague and ambiguous and are therefore denied.

55.  The allegations in the first and second sentences of ¶ 55 are vague and ambiguous and are therefore denied. The allegations in the third sentence constitute Plaintiffs' characterization of the Guam EIS, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

56.  The allegations in the first sentence of ¶ 56 constitute Plaintiffs' characterization of the Guam EIS, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The allegations in the second sentence are denied.

57.  The allegations in the first and third sentences of ¶ 57 constitute Plaintiffs' characterization of the Guam EIS, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The allegations in the second sentence of ¶ 57 are denied.  The allegations in the fourth sentence of ¶ 57 consist of a quotation from the Guam EIS, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied. The allegations in the fifth sentence of ¶ 57 are vague and ambiguous, and therefore, are denied.

58.   The allegations in the first clause of the first sentence of ¶ 58 are vague and ambiguous, and therefore, are denied.  Defendants lack information sufficient to admit or deny the allegations in the second clause of the first sentence of ¶ 58, and therefore, those allegations are denied. The remaining allegations in ¶ 58 constitute Plaintiffs' characterization of and quotation from the Guam EIS, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

59.   The allegations in ¶ 59 consist of Plaintiffs' characterization of Plaintiff GPT's comments regarding the historic Pågat Village that were provided to the Navy, which document speaks for itself and is the best evidence of its contents.

60.   Defendants admit the allegations in the first two clauses of the first sentence of ¶ 60.  The remaining allegations in the first sentence of ¶ 60 constitute Plaintiffs' characterization of and quotation from the Guam EIS, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The allegations in the second sentence of ¶ 60 are vague and ambiguous, and, therefore, are denied.  Defendants are without sufficient information to admit or deny the allegations in the third and fourth sentences of ¶ 60, and, therefore, those allegations are denied.

61.  The allegations in the first sentence of ¶ 61 constitute Plaintiffs' characterization of and quotation from Resolution 444, which document speaks for itself and is the best evidence of its contents.  As to the allegations in the second sentence of ¶ 61, Defendants deny that the ROD selected Pågat as the site of the firing range complex.  The remaining allegations in the second sentence of ¶ 61 constitute Plaintiffs' characterization of the ROD, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

62.  In response to the first sentence in ¶ 62, Defendants incorporate their answer to the allegations in the third sentence of ¶ 4.  As pleaded therein, Defendants admit that the Navy "prepared an Environmental Impact Statement on the Guam and CNMI Military Relocation, Relocating Marines from Okinawa, Visiting Aircraft Carrier Berthing, and Army Air Missile Defense Task Force."  The remaining allegations constitute Plaintiffs' characterization of their case and conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations.   Defendants admit the allegations in the second sentence of ¶ 62.

63.  The allegations in the first sentence of ¶ 63 constitute Plaintiffs' characterization of the Clean Air Act, which document speaks for itself and is the best

evidence of its contents.   Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.   Defendants admit the allegations in the second sentence of ¶ 63 that the EPA rated this DEIS "Environmentally Unsatisfactory" and "Inadequate Information." Defendants deny the remaining allegations in the second sentence of ¶ 63.

64.   Defendants admit the allegations in the first, second, and third sentences of ¶ 64.   Defendants admit the allegations in the fourth sentence of ¶ 64 to the extent that "Mr. Bice asserted that training was essential for the Marines," training "included training with weapons including machine guns and rifles," and "proximity to Asia was critical."   The allegations in parentheses in the fourth sentence of ¶ 64 constitute Plaintiffs' characterization of their case to which not response is required. Defendants deny the remaining allegations in the fourth sentence of ¶ 64.

65.   Defendants admit the allegations in the first sentence of ¶ 65. The allegations in the second sentence of ¶ 65 constitute conclusions of law, to which no response is required.   To the extent a response is required, Defendants deny the allegations in the second sentence of ¶ 65.   The third sentence in ¶ 65 consists of Plaintiffs' citation to a federal regulation, which document speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain meaning of this

document, considered in its entirety, are denied.  Defendants admit the allegations in the last sentence of ¶ 65.

66.  Defendants admit the allegations in the first sentence in ¶ 66, but aver that the ROD was signed by the Navy on September 20, 2010.  The allegations in the second sentence of ¶ 66 constitute Plaintiffs' characterization of their case and conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of ¶ 66.  The remaining allegations in ¶ 66 constitute Plaintiffs' characterization of, and quotation from, the ROD, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

67.  Defendants admit the allegations in the first sentence of ¶ 67, except insofar as Defendants deny that the Navy proposes to develop five separate firing ranges.  Defendants aver that the Navy proposes to develop a live fire training range complex consisting of five separate firing ranges. The allegations in the second sentence of ¶ 67 constitute Plaintiffs' characterization of the Guam EIS, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

Defendants deny the allegations in the third sentence of ¶ 67 and aver that the FEIS does not estimate that the proposed ranges would be used every day.

68.   Defendants deny the allegations in the first sentence of ¶ 68, and aver that some of the lands considered for the proposed firing ranges are currently owned by the Government of Guam and private owners.   Defendants deny the remaining allegations in the first sentence of ¶ 68.   Defendants admit the allegation in the second sentence of ¶ 68 that the Guam Ancestral Lands Commission (GALC) administers ancestral Chamorro lands, and deny the remaining allegations of the second sentence. Defendants deny the allegations in the third sentence of ¶ 68 and aver that the GALC facilitates the return of excessed U.S. federal lands and Government of Guam lands to their original owners and maintains a "Land Bank (Trust)" for those dispossessed original landowners who will never realize the return of their ancestral lands. Defendants lack sufficient information to admit or deny the allegations in the fourth sentence of ¶ 68 and therefore deny those allegations.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' ALLEGATIONS

69.   The allegations in the first sentence of ¶ 69 constitute Plaintiffs' characterization of their case and conclusions of law, to which no response is required.   To the extent a response is required, Defendants deny the allegations in the first sentence of ¶ 69.

a. Defendants deny the allegations in subsection a. of ¶ 69.

b. Defendants deny the allegations in subsection b. of ¶ 69.

c. Defendants deny the allegations in subsection c. of ¶ 69.

d. Defendants deny the allegations in subsection d. of ¶ 69.

e. Defendants deny the allegations in subsection e. of ¶ 69.

## COUNT I

70.  Defendants incorporate and reassert their responses to ¶¶ 1 through 69 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 72 through 112 as if fully set forth herein.

71. The allegations in the first sentence of ¶ 71 constitute Plaintiffs' characterization of a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The remaining allegations in ¶ 71 consist of Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 71.

## COUNT II

72.  Defendants incorporate and reassert their responses to ¶¶ 1 through 71 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 74 through 112 as if fully set forth herein.

73.  The allegations in the first, second, and third sentences of ¶ 73 consist of Plaintiffs' characterization of, and citation to, a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The allegations in the first clause in the fourth sentence of ¶ 73 are vague and ambiguous and are therefore denied.  Defendants admit the allegation in the second clause in the fourth sentence of ¶ 73 that 27% of Guam's property is currently held by the Department of Defense and deny the remaining allegations in that clause.  The remaining allegations in ¶ 73 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 73.

## COUNT III

74.  Defendants incorporate and reassert their responses to ¶¶ 1 through 73 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 76 through 112 as if fully set forth herein.

75.   The allegations in the first sentence of ¶ 75 consist of Plaintiffs' characterization of, and citation to, a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The remaining allegations in ¶ 75 consist of Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 75.

## COUNT IV

76.   Defendants incorporate and reassert their responses to ¶¶ 1 through 75 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 78 through 112 as if fully set forth herein.

77.   The allegations in the first sentence of ¶ 77 consist of Plaintiffs' characterization of, and citation to, a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The remaining allegations in ¶ 77 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 77.

## COUNT V

78.  Defendants incorporate and reassert their responses to ¶¶ 1 through 77 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 80 through 112 as if fully set forth herein.

79.  The allegations in the first sentence of ¶ 79 consist of Plaintiffs' characterization of, and citation to, a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The allegations in the second sentence of ¶ 79 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of ¶ 79.  The allegations in the third sentence of ¶ 79 consist of Plaintiffs' characterization of the Guam EIS, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The remaining allegations in ¶ 79 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in ¶ 79.

**COUNT VI**

80.  Defendants incorporate and reassert their responses to ¶¶ 1 through 79 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 84 through 112 as if fully set forth herein.

81.  The allegations in ¶ 81 consist of Plaintiffs' characterization of, and citation to, a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

82.  The allegations in ¶ 82 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 82.

83.  The allegations in ¶ 83 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 83.

## COUNT VII

84.  Defendants incorporate and reassert their responses to ¶¶ 1 through 83 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 87 through 109 as if fully set forth herein.

85.  The allegations in the first sentence of ¶ 85 consist of Plaintiffs' characterization of, and citation to, a federal regulation, which document speaks for

itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

86. The allegations in ¶ 86 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 86.

## COUNT VIII

87.  Defendants incorporate and reassert their responses to ¶¶ 1 through 86 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 90 through 112 as if fully set forth herein.

88.  The allegations in ¶ 88 consist of Plaintiffs' characterization of, and citation to, a federal statute and regulation, which documents speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain meaning of these documents, considered in their entirety, are denied.

89.  The allegations in ¶ 89 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 89.

## COUNT IX

90.  Defendants incorporate and reassert their responses to ¶¶ 1 through 89 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 92 through 112 as if fully set forth herein.

91.  The allegations in the first and second sentences of ¶ 91 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first and second sentences of ¶ 91.  The allegations in the third sentence of ¶ 91 constitute Plaintiffs' citation to a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The remaining allegations in ¶ 91 constitute Plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 91.

## COUNT X

92.  Defendants incorporate and reassert their responses to ¶¶ 1 through 91 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 94 through 112 as if fully set forth herein.

93. The allegations in the first sentence of ¶ 93 constitute Plaintiffs' citation to a federal regulation, which document speaks for itself and is the best evidence of its

contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The remaining allegations in ¶ 93 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 93.

## COUNT XI

94.  Defendants incorporate and reassert their responses to ¶¶ 1 through 93 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 97 through 112 as if fully set forth herein.

95.  The allegations in ¶ 95 constitute Plaintiffs' citation to a federal regulation, which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

96.  The allegations in ¶ 96 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 96.

## COUNT XII

97.  Defendants incorporate and reassert their responses to ¶¶ 1 through 96 as if fully set forth herein, and, insofar as necessary, Defendants incorporate and reassert their responses to ¶¶ 105 through 112 as if fully set forth herein.

98.   The allegations in the first and second sentences of ¶ 98 constitute Plaintiffs' characterization of, and citation to, a federal regulation, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.   The allegations in the third sentence of ¶ 98 consist of conclusions of law to which no response is required. The allegations in the fourth sentence of ¶ 98 constitute Plaintiffs' citation to a federal regulation, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

99.   The allegations in ¶ 99 constitute Plaintiffs' characterization of, and citation to, a federal regulation, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.

100.   Defendants admit the allegations in first sentence of ¶ 100.   The allegations in the first clause of the second sentence of ¶ 100 constitute Plaintiffs characterization of their case and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in the first clause of the second sentence of ¶ 100.  Defendants deny the remaining allegations in ¶ 100.

101.   Defendants deny the allegations in the first sentence of ¶ 101.  The allegation in the second sentence of ¶ 101 that the Defendants had not executed "an agreement with the Guam (State) Historic Preservation Office or the Advisory Counsel" is vague and ambiguous and is therefore denied.  As to the allegations in the third sentence of ¶ 101, Defendants admit the allegation to the extent that Defendants did not "terminate consultation."  Defendants deny the allegation in the fourth sentence of ¶ 101 that they have not complied with Section 106.  The remaining allegations in ¶ 101 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in ¶ 101.

102. The allegations in ¶ 102 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 102.

103. The allegations in ¶ 103 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 103.

104. The allegations in ¶ 104 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 104.

## COUNT XIII

105.  Defendants incorporate and reassert their responses to ¶¶ 1 through 104 as if fully set forth herein.

106.  The allegations in ¶ 106 constitute Plaintiffs' characterization of and citation to a federal statute and a federal regulation, which documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning of these documents, considered in their entirety, are denied.

107.  The allegations in ¶ 107 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.

108.  The allegations in the first, second, and third sentences of ¶ 108 constitute Plaintiffs' characterization of the Guam EIS, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  Defendants deny the allegations in the fourth sentence of ¶ 108.  67

109.  Defendants admit the allegations in the first sentence of ¶ 109 that the Navy submitted a consistency determination.  The remaining allegations in ¶ 109 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  The allegations in ¶ 109 also purport to characterize documents prepared by the Navy and the Guam Bureau of Statistics and Plans.  Those

documents are the best evidence of their contents, and Defendants deny any allegations contrary to the plain meaning of those documents.  To the extent a response is required, Defendants deny the allegations in ¶ 109.

110.  The allegations in ¶ 110 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 110.

111.  The allegations in the first sentence of ¶ 111 concerning the language of the FEIS constitute Plaintiffs' characterization of the Guam EIS, which document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain meaning of this document, considered in its entirety, are denied.  The remaining allegations in ¶ 111 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in ¶ 111.

112.  The allegations in ¶ 112 constitute Plaintiffs' characterization of their case and conclusions of law to which no response is required.  The allegations in ¶ 112 also purport to characterize the Guam Coastal Management Program.  That document is the best evidence of its contents, and Defendants deny any allegations contrary to the plain meaning of that document.  To the extent a response is required, Defendants deny the allegations in ¶ 112.

## PLAINTIFFS' REQUEST FOR RELIEF

Defendants deny that plaintiffs are entitled to the relief requested or to any relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted or qualified herein.

## AFFIRMATIVE DEFENSES

1.   The Court lacks subject matter jurisdiction over some or all of the allegations, claims, and causes in the Complaint.

2.   Plaintiffs lack standing to assert some or all of the claims in the Complaint.

3.   Plaintiffs' claims are not ripe for judicial review.

4.   Plaintiffs' claims are moot.

5.   Plaintiffs have failed to exhaust their administrative remedies.

6.   Plaintiffs' claims are barred or precluded from review by the doctrine of primary jurisdiction.

7.   Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendants request this Court to enter a judgment dismissing the Complaint against the Defendants with prejudice and awarding Defendants such additional and further relief as the Court deems just, equitable, and proper.

Respectfully submitted this 15th day of April, 2011.

FLORENCE T. NAKAKUNI
United States Attorney
DERRICK WATSON (Cal. Bar No. 154427)
Assistant United States Attorney
District of Hawaii
PJKK Federal Building, Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Tel: (808) 541-2850 / Fax: (808) 541-3752
Email: Derrick.Watson@usdoj.gov

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

SAMANTHA KLEIN FRANK
        N.Y. Bar No. SK-9874
Trial Attorney, Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 663, Ben Franklin Station
Washington, DC 20004-0663
Tel: (202) 305-0474 / Fax: (202) 305-0506
Email: samantha.frank@usdoj.gov

/s/ *Charles R. Shockey*
CHARLES R. SHOCKEY D.C. Bar No. 914879
Trial Attorney, Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
501 "I" Street, Suite 9-700
Sacramento, CA 95814-2322
Tel:   (916) 930-2203 / Fax: (916) 930-2210
Email: charles.shockey@usdoj.gov
Attorneys for Defendants

OF COUNSEL:

JENNIFER ALLAIRE
JONELLE DILLEY
JEANINE WOMBLE
Navy Litigation Office
Washington, D.C.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2011, I electronically filed the

"Defendants' Answer to Complaint for Declaratory and Injunctive Relief" with

the Clerk of Court using the ECF system, which automatically will send email

notification to the following attorneys of record:

> Carl C. Christensen
> 1612 Kamole Street
> Honolulu, Hawaii 96821
> Email: carlcc@hawaii.rr.com
>
> Nicholas C. Yost
> Matthew G. Adams
> SNR Denton US LLP
> 525 Market Street, 26th Floor
> San Francisco, CA 94105
> Email: nicholas.yost@snrdenton.com
>          matthew.adams@snrdenton.com
>
> Derrick Watson (Cal. Bar No. 154427)
> Assistant U.S. Attorney, District of Hawaii
> PJKK Federal Building, Room 6-100
> 300 Ala Moana Boulevard
> Honolulu, Hawaii 96850
> Email: Derrick.Watson@usdoj.gov

/s/ *Charles R. Shockey*
Charles R. Shockey
U.S. Department of Justice