IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GUAM PRESERVATION TRUST, ET AL., ) | CIVIL NO. 10-00677 LEK |
| Plaintiffs, ) | |
| vs. ) | |
| KATHERINE GREGORY, Rear Admiral, Commanding Officer, Naval Facilities Engineering Command, Pacific, et al., ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Before the Court is Defendants'[1] Motion to Dismiss Complaint ("Motion"), filed on July 29, 2011.  On November 15, 2011, Defendants filed a Notice of Filing of Supplemental Declaration of Joseph D. Ludovici.  Plaintiffs Guam Preservation Trust, National Trust for Historic Preservation, We are Guahan, Joseph E. Quinata, Dr. Marilyn Salas, Julian Aguon, and Jillette Leon-Guerrero (collectively "Plaintiffs") filed their memorandum in opposition on November 18, 2011, and

---

[1] The defendants in this case are: Katherine Gregory, Rear Admiral, Commanding Officer, Naval Facilities Engineering Command, Pacific ("NAVFAC"); Kyle Fujimoto, NAVFAC; David Bice, Executive Director, Joint Guam Program Office ("JGPO"); Jacqueline Pfannenstiel, Assistant Secretary of the Navy For Energy, Installations, and Environment; Robert Gates, Secretary of Defense; the NAVFAC; the JGPO; the Department of the Navy ("the Navy"); the Department of Defense ("DoD"); and Ray Mabus, Secretary of the Navy (all collectively "Defendants").

Defendants filed their reply on December 2, 2011.  Defendants also filed an errata to the reply on December 16, 2011.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The instant case arises from the Navy's plans to establish a complex of five live-fire firing ranges on Guam as part of a larger relocation of Marines and other service people and dependents from Okinawa to Guam.  Plaintiffs argue that Defendants have chosen Pågat Village and its surrounding area ("the Route 15/Pågat area") as the site for the firing range complex.  The background of this case is set forth in this Court's June 30, 2011 Order Denying Defendants' Motion for Voluntary Remand and Stay.  [Dkt. no. 76.]  In the litigation of Defendants' Motion for Voluntary Remand and Stay ("Remand Motion"), [filed 5/29/11 (dkt. no. 60,] Defendants noted that there appeared to be a threshold issue regarding the finality of the purported agency decision in the "Record of Decision for Guam and CNMI Military Relocation including Relocating Marines from

Okinawa, Transient Nuclear Aircraft Carrier Berth, Air and Missile Defense Task Force" ("Record of Decision").[2]  This Court therefore ordered Defendants to file a motion to dismiss on the finality issue by no later than July 29, 2011.  The instant Motion followed.

**I.   Motion**

Defendants argue that there is no subject matter jurisdiction over this case because: 1) there is no final agency action with respect to the selection of a location for the proposed firing range complex; 2) the matter is not ripe for adjudication because there is no decision selecting a specific location for the complex; and 3) under the doctrine of primary jurisdiction, the courts should withhold judicial review until the Navy selects a specific site for the complex.  Defendants emphasize that there is no waiver of the United States' sovereign immunity under the Administrative Procedure Act without a final agency decision.

On November 15, 2011, Defendants filed a supplemental Declaration of Joseph D. Ludovici ("Supplemental Ludovici Declaration").[3]  [Dkt. no. 82-1.]  It states that the Navy has

---

[2] The Record of Decision is attached to the instant Motion as Exhibit A.

[3] Mr. Ludovici is the Director of the JGPO, Office of the Assistant Secretary of the Navy (Energy, Installations and Environment).  [Suppl. Ludovici Decl. at ¶ 1.]

completed the internal review process discussed during the pendency of the Remand Motion and in the declarations attached to the instant Motion.  The Navy has decided to conduct additional analysis under the National Environmental Policy Act ("NEPA"), and it will prepare a supplemental environmental impact statement ("EIS") to evaluate alternative locations for the firing range complex site based on probabilistic modeling.  The Navy plans to begin this process in early 2012, and it expects the process to take at least two years.

## II. **Memorandum in Opposition**

In their memorandum in opposition, Plaintiffs emphasize that additional review in compliance with the NEPA was one of the forms of relief Plaintiffs prayed for in the Complaint.  Plaintiffs welcome the additional NEPA review and the public participation that is a required part thereof.  Plaintiffs, however, argue that the Court should deny the Motion and retain jurisdiction over the case during a stay and remand to the agency for the supplemental EIS process, as discussed in the Remand Denial Order at 14-15.  Plaintiffs contend that, without continuing jurisdiction over this case, there would be no assurances that the Navy would: refrain from ground disturbing activities related to the future construction of the firing range complex in the Route 15/Pågat area during the time it takes to complete the supplemental EIS process; or refrain from no ground

disturbing activities at the alternate sites being considered before Plaintiffs have the opportunity to seek judicial relief.

As to the merits of the Motion, Plaintiffs emphasize the cultural significance of the Pågat area, and they argue that the Record of Decision is clearly a final agency decision that the site of the firing range complex will be somewhere in the Route 15/Pågat area.  As a matter of law, such decisions are generally considered final and, in this case, the Navy has publicly explained its decision as a selection of the Route 15/Pågat area as the site for the firing range complex.  Plaintiffs argue that the Navy's current attempt to retroactively change its decision is improper post hoc rationalization.

**III. Reply**

In their reply, Defendants reiterate that the Navy has not made any decision on the site of the firing range complex and that the Navy will not do so until the supplemental EIS is complete.  Defendants state that the supplemental EIS process will exceed NEPA requirements and the requirements of the Council on Environmental Quality regulations because the supplemental EIS process will include scoping with public comment.

As to the Record of Decision, Defendants argue that the document's language referring to the Route 15/Pågat area is not the final decision on the site for the firing range complex.  Since the Record of Decision did not make a final decision on the

site, the Navy's subsequent review processes are not post hoc rationalizations.  Defendants also reiterate that Plaintiffs' claims are not ripe and, even if the Court determines that the claims are ripe, the Court should defer review on prudential grounds.

## **DISCUSSION**

The crux of the Motion is that the Record of Decision did not make a final decision on the site for the firing range complex.  Before addressing that issue, however, this Court will first consider the issue whether the Navy's decision to go through the supplemental EIS process renders this case moot.

The United States Supreme Court has stated:

> "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969).  We recognize that, as a general rule, "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot." United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S. Ct. 894, 897, 97 L. Ed. 1303 (1953).  But jurisdiction, properly acquired, may abate if the case becomes moot because
>
> > (1) it can be said with assurance that "there is no reasonable expectation . . ." that the alleged violation will recur, see id., at 633, 73 S. Ct., at 897; see also SEC v. Medical Committee For Human Rights, 404 U.S. 403, 92 S. Ct. 577, 30 L. Ed. 2d 560 (1972), and
>
> > (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.  See, e.g., DeFunis v.

> Odegaard, 416 U.S. 312, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974); Indiana Employment Security Div. v. Burney, 409 U.S. 540, 93 S. Ct. 883, 35 L. Ed. 2d 62 (1973).
>
> When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law.

Los Angeles Cnty. v. Davis, 440 U.S. 625, 631 (1979) (alteration in original).

Further, because this case involves the review of administrative proceedings, the Court must also consider the following principles:

> "Judicial intervention in uncompleted administrative proceedings, absent a statutory mandate is strongly disfavored." Bakersfield City School District v. Boyer, 610 F.2d 621, 626 (9th Cir. 1979). We will not entertain a petition where pending administrative proceedings or further agency action might render the case moot and judicial review completely unnecessary. See Securities and Exchange Commission v. G.C. George Securities, Inc., 637 F.2d 685, 687 (9th Cir. 1981); B.J. McAdams, Inc. v. Interstate Commerce Commission, 551 F.2d 1112, 1115 (8th Cir. 1977).

Sierra Club v. U.S. Nuclear Regulatory Comm'n, 825 F.2d 1356, 1362 (9th Cir. 1987).

The Complaint in the instant case essentially alleges that, in the Record of Decision, Defendants "selected" the Route 15/Pågat area for the firing range complex without complying with the requirements of the NEPA, the National Historic Preservation Act ("NHPA"), and the Coastal Zone

7

Management Act ("CZMA").  In particular, Defendants failed to consider suitable alternative sites and failed to adequately weigh either the cultural significance of the area or public input regarding site selection.

Defendants have submitted evidence that the Navy will go through the process necessary to prepare a supplemental EIS "to re-evaluate live-fire training range complex alternatives, based upon the application of probabilistic modeling." [Suppl. Ludovici Decl. at ¶ 4.]  The Supplemental Ludovici Declaration further states:

> Although not required under the NEPA regulations, the first step the Navy will undertake as part of the SEIS process for the live-fire training range complex is scoping-the "early and open process for determining the scope of issues to be addressed and for identifying the significant issues related to the proposed action." See 40 C.F.R. § 1501.7; 40 C.F.R. § 1502.9(c)(4) (which directs agencies to "prepare, circulate, and file a supplement to a statement in the same fashion (exclusive of scoping) as a draft and final statement . . . .").  The Navy is committed to providing opportunities for public involvement consistent with NEPA regulations during the scoping process and throughout the SEIS process for the live-fire training range complex. See 40 C.F.R. § 1506.6.  The Navy will complete the SEIS for the live-fire training range complex before any final decision on the location of the range training complex is made.

[Id. at ¶ 5.]  The Supplemental Ludovici Declaration also reaffirms representations that Defendants made in connection with the Remand Motion, in particular: "No action to acquire property for or construct the live-fire training range complex required to

support the Guam Relocation will be undertaken in [fiscal year 2012]."  [Id. at ¶ 6.]

As Plaintiffs themselves recognized in their memorandum in opposition:

> In their Complaint filed November 17, 2010, Plaintiffs prayed, inter alia, for the following relief -- that Defendants be ordered to comply with NEPA by "requiring the preparation of a Supplemental EIS remedying the deficiencies of the FEIS and circulating it for public comment in both draft and final form, to be followed by an amended [Record of Decision]."  Complaint, page 85, Relief para. 5.2, Docket 1.
> **Defendants have now agreed to precisely what Plaintiffs have been requesting in filing this lawsuit. . . .**

[Mem. in Opp. at 1-2 (emphasis added).]  Plaintiffs, however, urge the Court to stay the case and remand it to the agency for action on the supplemental EIS.  [Id. at 2-3.]  Plaintiffs argue that the Court should retain jurisdiction because, if the Navy began ground disturbing activities at any of the sites that will be considered in the supplemental EIS process, "Plaintiffs would need the capability to come to this Court for appropriate relief, a potential which would not exist if this case were dismissed, forcing the Plaintiffs to file a new lawsuit without benefit of the 250,000 document administrative record which currently exists."  [Id. at 4.]

Plaintiffs' argument is misplaced because, even if the Navy did begin ground disturbing activities at any potential site other than the Route 15/Pågat area, Plaintiffs could not move to

lift the stay and continue to litigate the Complaint in this case because the allegations in the Complaint would be irrelevant to Plaintiffs' challenge to the ground disturbing activities at the new site.  Even if the Navy ultimately selected the Route 15/Pågat area after the supplemental EIS process, the current Complaint would still be irrelevant because it would not address the choice of a specific site in the Route 15/Pågat area after the supplemental EIS process.  Moreover, the Court is not convinced that Plaintiffs would be unable to file a new case, seeking any immediate relief necessary, if the Navy began ground disturbing activities after the supplemental EIS process.  The Court appreciates that the reopening of the instant case after a stay and remand may be more efficient in time and in resources than filing a new case, and the Court recognizes that the Remand Denial Order stated that the Court would be inclined to follow a similar procedure if Defendants decided to focus on an area other than the Route 15/Pågat area.[4]  Upon further consideration of the issue, however, the Court finds that such a procedure is not warranted under the circumstances here.

        Based on the parties' representations, the Court FINDS that it can be said with assurance that there is no reasonable

---

[4] The situation currently before the Court is not identical to the one discussed in the Remand Denial Order.  This Court stated that it "would be inclined to grant a motion for **voluntary** remand and stay . . . ."  [Remand Denial Order at 14-15 (emphasis added).]

expectation that the alleged violation - the issuance of a decision without complying with the applicable federal law - will recur.  The Court also FINDS that the Navy's recent decision to undertake the supplemental EIS process completely and irrevocably eradicated the effects of the original Record of Decision because the completion of the supplemental EIS will also require the issuance of a new or amended record of decision.  The Court therefore CONCLUDES that, even assuming, *arguendo*,[5] this Court had jurisdiction over this case because the original Record of Decision rendered a final agency action selecting the Route 15/Pågat area for the firing range complex, this Court's jurisdiction has abated because the case has become moot.  Although on different grounds, Defendants' Motion is GRANTED to the extent that the instant case is DISMISSED.

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Dismiss Complaint, filed July 29, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED to the extent that Plaintiffs' Complaint for Injunctive and Declaratory Relief, filed November 17, 2010, is DISMISSED AS MOOT.  The Motion is DENIED in all other respects.

---

[5] This Court emphasizes that it makes no findings or conclusions on the issue whether the original Record of Decision constituted a final agency action on the selection of the Route 15/Pågat area for the firing range complex.

       The Court directs the Clerk's Office to close the case.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, January 30, 2012.



                                  /S/ Leslie E. Kobayashi
                                 Leslie E. Kobayashi
                                 United States District Judge

**GUAM PRESERVATION TR., ET AL. V. GREGORY, ET AL.; CIVIL NO. 10-00677 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COMPLAINT**